UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
JAN 2 1 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 26-CR-1-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          PLEA AGREEMENT

TARRONE D. MOSS, JR.                                       DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base; Count 2 of the Information, charging a violation of 18 U.S.C. § 922(g)(1); and Count 3 of the Information, charging a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime.

2. The essential elements of Count 1 of the Information are:

    (a) That the Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, under federal law; and

    (b) That the Defendant intended to distribute the substance to another person.

3. The essential elements of Count 2 of the Information are:

    (a) That the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year;

  (b) That the Defendant, following the conviction, knowingly possessed a firearm; and

  (c) That the firearm crossed a state line prior to the alleged possession.

4. The essential elements of Count 3 of the Information are:

  (a) That the Defendant committed a drug trafficking crime as reflected in Count 1 of the Information;

  (b) That the Defendant knowingly possessed a firearm; and

  (c) That the possession of the firearm was in furtherance of the crime of drug trafficking reflected in Count 1 of the Information.

5. As to the Information, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

  (a) On March 19, 2024, officers with the Lexington Police Department were conducting surveillance on Tarrone Moss. Moss was known to have active warrants for his arrest. Officers observed Moss entering and exiting a 2018 black Nissan Altima.

  (b) Officers conducted surveillance on Moss for approximately 6 hours. During the surveillance, officers observed Moss, make a number of short stops where other individuals would approach the vehicle. The conduct was consistent with drug trafficking.

  (c) During the surveillance, officers observed Moss pull into the Zips Car Wash on North Limestone, in Fayette County, in the Eastern District of Kentucky. At the car wash, Moss was observed vacuuming the vehicle. Officers approached Moss to effectuate his arrest. Moss was taken into custody after a brief foot pursuit, a short distance from the vehicle. Other officers approached the vehicle and observed a firearm magazine on the driver's seat and a firearm box in the rear seat. Law enforcement detected the smell of marijuana emanating from the vehicle.

  (d) During the search of the vehicle a Glock .40 caliber pistol was located in the upper compartment of the center console. The firearm was loaded

with 8 rounds of ammunition and a machinegun conversion device was affixed to the firearm. In the back seat officers located a plastic bag with suspected crack cocaine. The suspected crack cocaine was submitted to the KSP laboratory for testing and found to contain 26.407 grams of cocaine base.

(e) ATF identified the firearm as a Glock, Model 27, caliber .40, pistol, bearing serial number XLC111. ATF also determined the firearm was manufactured outside the Commonwealth of Kentucky and therefore traveled through interstate commerce.

(f) Moss admits that he knew the substance he possessed was a controlled substance and that he intended to distribute the substance to another. Further, Moss admits that he was in possession a firearm in furtherance of his drug trafficking.

(g) At the time of the offense, Moss admits he knew he had been convicted of Trafficking in a Controlled Substance, First Degree, First Offense (< 2 grams of methamphetamine), by final judgment of the Fayette Circuit Court, Case No. 20-CR-374, in December 2021.

6. The enhanced statutory punishment for Count 1 is imprisonment for not more than 30 years, a fine of not more than $2,000,000, and a term of supervised release of at least 6 years. The statutory punishment for Count 2 is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The statutory punishment for Count 3 is imprisonment for not less than 5 years and not more than life, consecutive to any other sentence, a fine of not more than $250,000, and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 for each count applies, for a total of $300, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. The Defendant further acknowledges, agrees, and waives any further notice pursuant to 21 U.S.C. § 851, which was filed by the United States at the time of the filing

of the Information, and stipulates that he has previously been convicted of a prior felony drug offense, namely Trafficking in a Controlled Substance, First Degree, First Offense (< 2 grams of methamphetamine), by final judgment of the Fayette Circuit Court, Case No. 20-CR-374, in December 2021.

8.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 5 and all provided discovery materials.

   (c) Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(9), the base offense level for Count 1 is 22 because the amount of cocaine base is at least 22.4 grams but less than 28 grams.

   (d) Pursuant to U.S.S.G. § 2K2.1(a)(3), the base offense level for Count 2 is 22 because the offense involved a firearm described in 18 U.S.C. § 5845(a) and the Defendant committed the offense subsequent to sustaining a felony conviction of a controlled substance offense.

   (e) Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for Count 3 is the minimum term or imprisonment required by 18 U.S.C. § 924(c)(1)(a), which is 5 years consecutive to any other sentence.

   (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

4

9. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

10. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.

11. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

12. The Defendant consents to and acknowledges the administrative forfeiture to the United States of all right, title, and interest in the Glock pistol seized from him on March 19, 2024. The Defendant agrees that this property is subject to forfeiture because a nexus exists between it and criminal violations. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the property identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that she already has submitted. The Defendant understands and agrees that the forfeiture of the seized property has been completed administratively, that the seized property will not be pursued judicially as part of this action, and that she can assert no further right, title, or interest in the property. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

13. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving

the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

16. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 1/21/26   BY: _____
Cynthia T. Rieker
Assistant United States Attorney

Date: 1/21/26   _____
Tarrone D. Moss, Jr.
Defendant

Date: 1/21/26   _____
Erica Roland
Attorney for Defendant